UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KENNY ROOSEVELT HOLLEY, | : | |
| Petitioner, | : | |
|  | : | |
| v. | : | Case No. 3:20-cv-1663 (SRU) |
|  | : | |
| NED McCORMICK, et al., | : | |
| Respondents. | : | |

## RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Kenny Roosevelt Holley, who was arrested on multiple charges and is awaiting trial in Hartford Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Holley raises four grounds for relief: (1) "refusal to read *Miranda* rights and show arrest warrant upon request;" (2) "violations of state and federal constitutions;" (3) "violation of attorney's oath and rules of professional conduct;" and (4) "violations of the code of judicial conduct and third party neutral."[1] *See* Pet., Doc. No. 1.

The respondents have filed the instant motion to dismiss the petition, arguing that Holley has not exhausted his state court remedies, that his claims are not cognizable, and that I should abstain from hearing this case. *See* Doc. No. 17.

For the reasons that follow, the respondents' motion is **granted**.

---

[1] Although Holley has appended to his petition a list of 118 exhibits, *id.* at 22–30, he has not submitted those exhibits with his petition.

**I.      Discussion**

As noted, the respondents move to dismiss the petition on three grounds: (1) *Younger* counsels against exercising jurisdiction; (2) Holley has not exhausted his state court remedies on any claim for relief; and (3) Holley's claims set forth in his petition are not cognizable. *See generally* Doc. No. 17. In opposition, Holley simply characterizes the motion to dismiss as frivolous; he fails to substantively address any of the respondents' arguments. *See* Doc. No. 26.

As a preliminary matter, I note that Holley initiated this action on a form used to file petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. No judgment, however, has been entered in the criminal case, and by its terms, section 2254 does not apply to pretrial detainees. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added); *but see Hoffler v. Bezio*, 726 F.3d 144, 152 n.5 (2d Cir. 2013) (declining to decide whether pretrial habeas petitions can only be brought pursuant to section 2241 and not section 2254). Because courts have instead construed petitions from pretrial detainees challenging their custody under federal law as brought under section 2241, I will likewise consider Holley's petition as one filed under section 2241. *See, e.g., Smith v. New Haven Superior Ct.*, 2020 WL 4284565, at *4 n.1 (D. Conn. July 27, 2020).

I further note that the Middletown Police Department, Governor Ned Lamont, and Judge Maureen Keegan are not proper respondents. The federal habeas statute instructs that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *See* 28

U.S.C. § 2242.  The Supreme Court has observed that "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).  The Court added that the default rule is that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435; *see also Golding v. Sessions*, 2018 WL 6444400, at *2 (S.D.N.Y. Dec. 6, 2018) (holding, in a habeas proceeding challenging confinement in immigration custody, that the proper respondent is the warden of facility in which the petitioner was being held).

In this case, Holley is confined at Hartford Correctional Center.  Ned McCormick, the warden of that facility, is therefore the only proper respondent in this case.  *See Hartford Correctional Facility,* CONN. DEP'T OF CORR., portal.ct.gov/DOC/Facility/Hartford-CC (last visited July 25, 2021).  For that reason, Governor Lamont, Judge Keegan, and the Middletown Police Department are **dismissed** as respondents.

A. Exhaustion of State Court Remedies

It is well-established that, before a federal court may grant habeas relief to a state prisoner, the prisoner must properly exhaust his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1).  That is, the petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, in order to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (cleaned up); *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982).  "The exhaustion requirement is designed to

avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)) (cleaned up).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state courts or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B); *see also Smith v. New Haven Superior Ct.,* 2020 WL 4284565, at *4 (D. Conn. July 27, 2020) ("A petitioner who has not exhausted available State court or administrative remedies may only seek a writ of habeas corpus pursuant to § 2241 if: (1) he established cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice."). Moreover, although section 2241 "does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Petties v. Riviezzo*, 2020 WL 6748528, at *2 (S.D.N.Y. Oct. 2, 2020) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)) (cleaned up).

Holley is a pretrial detainee: he has not been found guilty of any of the offenses with which he has been charged.[2] Because no conviction has entered, it necessarily follows that there

---

[2] Although Holley's petition states at one point that a judgment of conviction was entered on August 12, 2019, that appears to be incorrect. Holley repeatedly notes that he is neither sentenced nor convicted, and later writes that he was arraigned on August 12, 2019. *See* Pet., Doc. No. 1, at 2 ¶¶ 2, 4; *id*. at 10, 12, 13, 14, 19. The respondents, moreover, have provided a copy of the information from the state criminal case, which indicates that

could not have been a direct appeal. Holley has, therefore, not availed himself of his state remedies, and any claims relating to his criminal prosecution are not exhausted.

In his first ground for relief, for example, Holley maintains that he was not provided *Miranda* warnings nor was he shown a copy of the arrest warrant upon request. Fatally, however, Holley does not indicate that he was interrogated without being advised of his rights and, in any event, the proper remedy would be to first file a motion to suppress any statement obtained during that interrogation. If the trial court denies the motion, he can then raise the issue on direct appeal.

As another example, Holley asserts throughout the petition that he has filed multiple motions in his criminal case, including motions to appeal and motions for speedy trial, and that they were not ruled on. As an initial matter, the entries from the Clerk's file show that Holley brought many motions *pro se* at a time when he was represented by counsel, which he was not entitled to do. *See* Doc. No. 17-1; *see also State v. Joseph*, 174 Conn. App. 260, 275–76 (2017) ("Although a represented defendant does retain the absolute right to make a limited number of choices regarding his case . . . neither the United States Supreme Court, nor this court, has ever expanded that extremely narrow class to include the choice of whether to file a motion"). Although it appears that Holley filed a *pro se* appearance in November 2020 and that he has since filed additional motions, the docket indicates that those motions were indeed ruled on. *See*

---

August 12, 2019 was the date of arraignment, not conviction. *See* Doc. No. 17-1, at 2. The Connecticut Judicial Branch website further shows that Holley remains in pre-trial status, with trial to be scheduled. S*ee State v. Holley*, Case No. MMX-CR19-0238267-T,
https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=3c5646d3-200c-4cd8-b7f2-0f6cfa140b7d (last visited July 25, 2021). Accordingly, public records establish that Holley was arraigned, not convicted, on August 12, 2019.

5

Doc. No. 17-1, at 10 ("Court denies motions filed on Nov. 19, 2020").  Even if Holley's motions have yet to be adjudicated, he provides no evidence that he has contested any failure to consider his motions with the state appellate courts.

Moreover, although Holley states that he raised several of his claims with other state agencies—including the Commission of Human Rights and Opportunities ("CHRO"), state bar, Judicial Review Council, and Grievance Committee—that does not suffice.  None of those agencies are proper forums in which to challenge his arrest or confinement and, further, Holley does not identify with any specificity the claims asserted or the status of his complaints.  Accordingly, my conclusion that Holley has failed to exhaust his state court remedies stands.

B.  Abstention

Even if I were to excuse Holley's failure to exhaust state court remedies, I would nonetheless abstain and dismiss this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger v. Harris,* the Supreme Court held that federal courts "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer an irreparable injury if denied equitable relief."  *Id.* at 43–44; *see also Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (noting that federal courts are generally required "to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings").  *Younger* abstention is required if the following conditions are met:  "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims."  *Id.* at 198.

All three *Younger* factors are met in this case.  First, the record establishes that Holley

has not yet been convicted and that the case remains at a pre-trial stage, which means that there is an ongoing state criminal proceeding. Indeed, given that the state criminal case lies at an early stage, it is possible that the "criminal prosecution could have been favorably resolved, thus obviating the need to address the constitutional question raised before the district court." *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995).

Second, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Id.* Finally, Holley has the opportunity to raise all of his claims in the state criminal case. *Id.* ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes."). Although Holley may have been unable to raise all of his complaints while he was represented, now that Holley is representing himself, he can advance his arguments in the state criminal proceeding or on appeal. Holley has failed to show to the contrary.

To be sure, there are exceptions to *Younger* abstention. A federal court may intervene in an ongoing state criminal proceeding where exceptional circumstances, which create "a threat of irreparable injury 'both great and immediate,'" are present. *See Kugler v. Helfant*, 421 U.S. 117, 123 (1975). The injury must be more that the cost, anxiety, or inconvenience in having to defend against criminal charges, which are present in every prosecution. *Id.* at 124. The exception instead requires "a showing of 'bad faith' or 'harassment' by state officials responsible for the criminal prosecution," that "the state law to be applied in the criminal prosecution is flagrantly and patently violative of express constitutional prohibitions," or "other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the

7

usual prerequisites of bad faith and harassment." *Id.* at 124 (cleaned up).

To invoke an exception to the *Younger* doctrine, Holley "must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct." *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). If the petition fails to include such allegations, "the district court is not required to conduct a hearing to determine whether the criminal defendant's general claims have merit." *Id.*

Holley has alleged no facts to support any exception. Accordingly, I conclude that the *Younger* doctrine applies in this case and dismiss the petition.

## II.     Conclusion

The respondents' motion to dismiss [**Doc. No. 16**] is **GRANTED**. Because an appeal of this order would not be taken in good faith, a certificate of appealability will not issue. The Clerk is directed to enter judgment in favor of the respondents and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge